IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VICTORIA LANGSAM**

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

Case No.

Hon.

---

Lynn M. Brimer (P43291)
Meredith E. Taunt (P69698)
James A. Rocchio (P34908)
**STROBL & SHARP, P.C.**
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
(248) 540-2300; fax: (248) 645-2690
lbrimer@stroblpc.com
mtaunt@stroblpc.com
jrocchio@stroblpc.com

---

## **COMPLAINT**

Now comes Plaintiff Victoria Langsam by and through her attorneys, Strobl & Sharp, P.C., and for her Complaint against the United States of America, states as follows:

1. Plaintiff, Victoria Langsam (hereinafter "Langsam"), is a citizen of the United States and a resident of the State of Michigan, and resides within the jurisdiction of this Court.

2. Defendant is the United States of America.

3. This is a suit arising under the laws of the Internal Revenue Code for the refund of taxes (assessable penalties) erroneously and illegally assessed against and collected from Langsam.

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340, 1345 and 1346(c), and 26 U.S.C. § 7402.

5. Venue is in this district and is proper under 28 U.S.C. § 1391(e).

## COUNT I

6. Langsam incorporates by reference the averments of paragraphs 1 through 5 of this Complaint as if by reference.

7. Sometime before March 25, 2008, the Internal Revenue Service (the "IRS") assessed against Langsam assessable penalties, pursuant to Internal Revenue Code (the "Code") Section 6672, income and FICA taxes withheld from the wages of the employees of Specialty Medical Group,. P.C., in the following amounts for the following quarterly tax periods:

| Tax Period Ending | Assessment |
| --- | --- |
| March 31, 2005 | $15,823.61 |
| June 30, 2005 | $35,953.12 |
| September 30, 2005 | $ 6,115.71 |

8. The IRS received approximately $2,177.40 in levy proceeds and applied such funds to the assessed penalty for the tax period ended March 31, 2005.

9. Langsam has paid approximately $600.00 with respect to the Specialty Medical Group, P.C., assessments, which is estimated to be withholding taxes due for one employee for each quarter of the assessments made against her.

10. On or about September 15, 2009, Langsam filed a Claim for Refund on Form 843 for each payment made with respect to the periods described in paragraph 9, by mailing said claims to the Internal Revenue Service in Detroit, Michigan 48226.

11. On or about September 18, 2009, the IRS issued its Notices of Disallowance in response to Langsam's Claims for Refund.

12. As grounds for recovery, Langsam makes the following averments:

   a. Langsam was not a person responsible for collecting and paying withholding taxes of Specialty Medical Group, Inc.

   b. As the ONLY physician for the Company, Langsam's responsibilities were solely related to patient care and treatment.

   c. Langsam never had any responsibility for collecting, accounting for or paying any taxes on behalf of Specialty Medical Group, Inc.

   d. Langsam retained the services of Physicians Management Corporation ("PMC") and Stuart Gorelick ("Gorelick") to manage and oversee all financial affairs, including the withholding and payment of the taxes at issue of the Company.

   e. PMC and Specialty Medical Group, Inc., entered into a Business Operations and Support Services Agreement on May 4, 2004, which specifically provided that PMC is responsible for all payroll functions.

   f. Gorelick has acknowledged in a sworn statement his responsibility for the taxes at issue.

   g. Langsam was unaware of the accruing unpaid Form 94 taxes for Specialty Medical Group, Inc.

13. Langsam was not, and is not, a responsible person with respect to Specialty Medical Group, Inc., within the meaning of Section 6672.

14. Langsam did not "willfully" fail to pay over to the government the amount of taxes otherwise due.

15. The assessments and collection of penalties were arbitrary, discriminatory and erroneous and illegal.

**Wherefore,** Langsam prays for (i) judgment against the United States in the total amount of all payments made by her with respect to Specialty Medical Group, Inc., assessment, together with any additional amounts collected by the levy, with interest, costs and attorneys fees; (ii) judgment declaring that she is not a "responsible person" under Section 6672 of the Code with respect to Specialty Medical Group, Inc. (iii) in the alternative, an abatement of any and all assessments (including all penalties and interest) against her with respect to Specialty Medical Group, Inc., and (iv) any and all such further relief as the Court deems just and equitable.

                **STROBL & SHARP, P.C.**

                /s/Lynn M. Brimer
                Lynn M. Brimer (P43291)
                300 East Long Lake Road, Suite 200
                Bloomfield Hills, MI 48304
                (248) 540-2300, fax:  (248) 645-2690
                Attorneys for Plaintiff
                lbrimer@stroblpc.com

Dated:  November 3, 2009

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**VICTORIA LANGSAM**

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

Case No.

Hon.

---

Lynn M. Brimer (P43291)
Meredith E. Taunt (P69698)
James A. Rocchio (P34908)
**STROBL & SHARP, P.C.**
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
(248) 540-2300; fax: (248) 645-2690
lbrimer@stroblpc.com
mtaunt@stroblpc.com
jrocchio@stroblpc.com

---

## **JURY DEMAND**

Plaintiff Victoria Langsam demands a trial by jury on all issues so triable.

                         **STROBL & SHARP, P.C.**

                         /s/Lynn M. Brimer
                         Lynn M. Brimer (P43291)
                         300 East Long Lake Road, Suite 200
                         Bloomfield Hills, MI 48304
                         (248) 540-2300, fax: (248) 645-2690
                         Attorneys for Plaintiff
                         lbrimer@stroblpc.com

Dated: November 3, 2009